IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABDEL MASHAL AND SUHAILA MASHAL, | § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. 5:23-CV-605 |
| v. | § § | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### PARTIES

1. Plaintiffs, Abdel Mashal and Suhaila Mashal (hereinafter referred to as the "plaintiffs" or "insureds"), are individuals and citizens of the State of Texas.

2. Defendant, Nationwide Mutual Insurance Company (hereinafter referred to as the "defendant" or "Nationwide"), is a corporation that is incorporated under the laws of the State of Ohio. Defendant has its principal place of business in the state of Ohio. Defendant can be served with process by serving its agent for service of process, Corporation Service Company, at 211 E. 7th Street, Austin, Texas 78701.

### JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because plaintiffs and defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

### VENUE

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## FACTS

6. Plaintiffs are the owners of homeowner insurance policy number 7842HR176503, which was issued by Nationwide (hereinafter referred to as the "policy").

7. Plaintiffs own the insured property that is specifically located at 22010 Kenton Knl., San Antonio, Texas 78258 (hereinafter referred to as the "property").

8. Defendant or its agent sold the policy insuring the property to plaintiffs.

9. On or about June 5, 2021, plaintiffs' property sustained damage from a storm. Plaintiffs submitted a claim to Nationwide against the policy for the damage.

10. Plaintiffs submitted a claim to Nationwide against the policy for damage caused to the property as a result of the storm. The insureds asked Nationwide to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. Nationwide assigned claim number 062219-GN to the insureds' claim.

11. On or about May 6, 2022, Nationwide inspected the property in question. The storm caused significant damage to the property. Nationwide performed an insufficient and unreasonable investigation of the property. The storm caused significant damage to the dwelling roof. The storm damaged the roof and allowed water to penetrate the roofing and damage the interior. The extensive damage to the interior of the property called for the drywall to be taped, hung, and floated, removal and replacement of insulation, repair to the texture of the ceiling, painting, and removal of content. Nationwide did not conduct a thorough inspection and did not make sufficient allowances for the damage. As a result of Nationwide's unreasonable investigation, the insureds

were wrongly denied the full cost to repair of the roof and all of other interior damage to their property.

12. Nationwide failed to properly adjust the claim and Nationwide has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the insureds. Furthermore, Nationwide underpaid portions of the insureds' claim by not providing full coverage for the damages sustained by the insureds, as well as under-scoping the damages during its investigation.

13. To date, Nationwide continues to delay in the payment for the damages to the property. As such, the insureds' claim(s) remain unpaid, and the insured still has not been able to properly repair the property.

**POST-CLAIM UNDERWRITING**

14. Plaintiffs allege that Nationwide engaged in fraudulent post-claim underwriting. At the time that defendant sold the insurance policy to plaintiffs, defendant had no intention of performing its duties and honoring the representations it made to plaintiffs. Specially, this representation consisted of defendant's promise to provide full indemnity to plaintiffs from financial loss caused by a covered peril, less the policy deductible. Nationwide intentionally under-evaluated the risk associated with the insurance policy in an effort to secure the policy sale and made an attempt to properly evaluate the risk only after plaintiffs filed the insurance claim at issue. In its use of post-claim underwriting, defendant searched for reasons to deny plaintiffs' claim by conducting the type of evaluation that it should have conducted before defendant sold the policy to plaintiffs and before plaintiffs paid insurance premiums to defendant. Had plaintiffs known and understood that defendant would engage in post-claim underwriting before plaintiffs agreed to purchase the insurance policy from defendant, the plaintiffs could have made an informed decision and

purchased coverage from a different insurance company. Defendant's actions allowed defendant to collect an upfront premium profit while intending to betray its promise of full indemnity. In the case at hand, defendant's fraudulent post-claim underwriting scheme caused plaintiffs to purchase a worthless insurance policy and suffer financial property loss.

15. Nationwide denied or underpaid plaintiffs' claim as part of a strategy and scheme to guarantee or increase its surplus and shareholder returns. To date, Nationwide continues to delay in the payment for the damages to the property. As such, the plaintiffs' claim remains unpaid, and the plaintiffs were never able to properly repair the property.

## COUNT 1 - BAD FAITH

16. Plaintiffs are insured under an insurance contract issued by Nationwide, which gave rise to a duty of good faith and fair dealing.

17. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

18. Following its initial inspection conducted on or about May 26, 2022, Nationwide possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiffs' claim. In addition, following its initial inspection, Nationwide failed to provide coverage for all of the covered damage, including the damage that plaintiffs' inspector discovered during his inspection. Although Nationwide designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Nationwide failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiffs.

19. Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in the following damages:

a. mental anguish damages; and

b. loss of policy benefits.

20. <u>Exemplary damages.</u>  Plaintiffs suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## COUNT 2 - BREACH OF CONTRACT

21. In addition to other counts, Nationwide breached its contract with plaintiffs.

22. Plaintiffs and defendant executed a valid and enforceable insurance contract.  The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiffs' property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

23. Plaintiffs fully performed plaintiffs' contractual obligations.

24. Nationwide breached the contract by refusing to pay the full amount of the cost to repair or replace the property.  Nationwide failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiffs.

25. Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

26. <u>Attorney Fees.</u>  Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to Nationwide.  Nationwide did not tender the amount owed within 30 days of when the claim was presented.

## COUNT 3 – DECEPTIVE INSURANCE PRACTICES

27. Nationwide failed to explain to plaintiffs the reasons for defendant's offer of an inadequate settlement. Defendant failed to offer plaintiffs adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Nationwide did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiffs' claim.

28. Nationwide failed to affirm or deny coverage of plaintiffs' claim within a reasonable time. Specifically, plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Nationwide.

29. Nationwide refused to fully compensate plaintiffs under the terms of the policy, even though Nationwide failed to conduct a reasonable investigation. Nationwide performed an outcome-oriented investigation of the plaintiffs' claim which resulted in a biased, unfair, and inadequate evaluation of plaintiffs' losses on the property.

30. Nationwide failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiffs' claim, begin an investigation of plaintiffs' claim, and request all information reasonably necessary to investigate plaintiffs' claim within the statutorily mandated time of receiving notice of plaintiffs' claim.

31. Nationwide failed to accept or deny plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, Nationwide failed to communicate with plaintiffs to ensure that plaintiffs understood the coverage denials plaintiffs received.

32. Defendant's acts or practices violated:

a. Texas Insurance Code Chapter 541, subchapter B and Texas Business and Commerce Code Chapter 17.

   (1) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

   (2) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3); TEX. BUS. & COM. CODE § 17.50(a)(4).

   (3) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A); TEX. BUS. & COM. CODE § 17.50(a)(4).

   (4) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7); TEX. BUS. & COM. CODE § 17.50(a)(4).

b. Texas Insurance Code Chapter 541.151.

c. Texas Business & Commerce Code § 17.50(a)(4).

33. Defendant's acts and practices were a producing cause of injury to plaintiffs which resulted in the following damages:

   a. actual damages; and

   b. insurance policy proceeds.

34. Plaintiffs seek damages within the jurisdictional limits of this Court.

35. <u>Additional damages.</u> Defendant acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

36. <u>Attorney fees.</u>  Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

## COUNT 4 - LATE PAYMENT OF CLAIMS

37. Plaintiffs are insured under a contract for homeowner's insurance issued by defendant.

38. Defendant Nationwide is a corporation.

39. Plaintiffs suffered a loss covered by the policy and gave proper notice to Nationwide of plaintiffs' claim.

40. Nationwide is liable for the claim and had a duty to pay the claim in a timely manner.

41. Defendant breached its duty to pay plaintiffs' claim in a timely manner by not timely:

    a. acknowledging the claim;

    b. investigating the claim;

    c. requesting information about the claim;

    d. paying the claim after wrongfully rejecting it; and

    e. paying the claim after accepting it.

42. Nationwide's breach of duty caused injury to plaintiffs, which resulted in the following damages:

    a. mental anguish damages;

    b. policy proceeds;

    c. prejudgment interest

43. <u>Statutory damages.</u>  Plaintiffs are entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

44. <u>Attorney fees.</u>  Plaintiffs are entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

## JURY DEMAND

45. Plaintiffs respectfully requests a trial by jury.

## CONDITIONS PRECEDENT

46. All conditions precedent to plaintiffs' claim for relief have been performed or have occurred.

## PRAYER

47. For these reasons, plaintiffs ask that plaintiffs be awarded a judgment against defendant for the following:

    a.    Actual damages.

    b.    Prejudgment and postjudgment interest.

    c.    Consequential damages.

    d.    Court costs.

    e.    Attorneys' fees.

    f.    Exemplary damages.

    g.    All other relief to which plaintiffs are entitled.

Respectfully submitted,

GULF COAST INSURANCE LAWYERS, P.C.
3233 West Dallas Street, Suite 2101
Houston, Texas 77019
Telephone: (713) 941-9309
Facsimile: (844) 270-0740

_____
DANNY RAY SCOTT
State Bar No. 24010920
danny@gulfcoastinsurancelawyers.com
NOHAYIA JAVED
State Bar No. 24074482
attorneyjaved@gulfcoastinsurancelawyers.com
HALIMATOU BAH
State Bar No. 24130178
hbah@gulfcoastinsurancelawyers.com

*Attorneys for Plaintiff*